# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED by  MC  D.C.
ELECTRONIC

MAR 15, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 15, 2013

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 12-13776-EE
Case Style: Thanh Nguyen, et al v. Barry Biondo, et al
District Court Docket No: 9:11-cv-81156-DMM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

The enclosed certified copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance. Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 12-13776

_____

District Court Docket No.
9:11-cv-81156-DMM

THANH NGUYEN,
LUONG NGUYEN,

        Plaintiffs -
        Counter Defendants -
        Appellees,

versus

BARRY BIONDO,
TIPSY SPA AND SALON INC.,

        Defendants -
        Counter Claimants -
        Appellants.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 13, 2013
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Mandate Issued:
March 15, 2013

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13776
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-81156-DMM

THANH NGUYEN,
LUONG NGUYEN,

          Plaintiffs-
Counter Defendants-
Appellees,

versus

BARRY BIONDO,
TIPSY SPA AND SALON INC.,

          Defendants-
Counter Claimants-
Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 13, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Barry Biondo and his company, Tipsy Spa and Salon Inc., (collectively "Biondo") appeal the summary judgment in favor of Thanh and Luong Nguyen on their complaints of false designation of origin and trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), cyberpiracy in violation of the AntiCybersquatting Consumer Protection Act, id. § 1125(d), trademark infringement in violation of Florida law, and breach of contract. Biondo challenges the judgment against his affirmative defenses of abandonment, duress, and commercial frustration. Biondo also challenges the decision of the district court to strike his affidavit. We affirm.

## I. BACKGROUND

The Nguyens own and operate upscale hair and nail salons that serve alcohol to patrons. In 2006, Thanh created a mark containing the word "Tipsy" to advertise the amenities available at the salon, and he incorporated the mark into the name of a new salon, the Tipsy Nail Spa & Salon at Wellington Reserve ("Wellington Tipsy"). Later, Thanh registered the Tipsy mark with the United States Patent and Trademark Office and with the State of Florida.

Between the time that Thanh applied for and obtained exclusive rights to the Tipsy mark, the Nguyens agreed orally to sell Biondo a one-half interest in the

Wellington Tipsy.  Soon after Thanh acquired the mark, the business relationship between the Nguyens and Biondo deteriorated and the Nguyens agreed to sell their half interest in the salon to Biondo.  Because the Nguyens and Biondo "dispute[d] each other['s] ownership interest" and had "determined that it [was] not in their best interest to continue to operate the BUSINESS together," the Nguyens sold Biondo the full "rights[,] title and interest" in the Wellington Tipsy.  Paragraph 8 of the sales agreement provided that Biondo was allowed until March 11, 2011, "to continue operating the BUSINESS using the name 'Tipsy'" and that "the right to the use of name 'Tipsy' or any mark associated with that business name is not being purchased by [Biondo]."

Biondo violated the sales agreement.  Biondo failed timely to pay weekly installments to the Nguyens.  Biondo also continued to use the word Tipsy in the name of his salon.  On March 21, 2011, Biondo applied for a trademark to protect a logo comprised of the words "Tipsy Spa * Salon" in conjunction with a martini glass containing a cherry.

The Nguyens sued Biondo for violations of the Lanham Act and the AntiCybersquatting Act, unjust enrichment, and breach of contract.  The Nguyens alleged that, after March 11, 2011, Biondo had continued to use the Tipsy mark or a mark that was confusingly similar in its business façade, in print and television advertising, and on the internet.  The Nguyens also alleged that Biondo had

3

violated the Nguyens' ownership rights in the Tipsy mark; used the Tipsy mark or a counterfeit mark in a manner likely to cause confusion about the origin of the goods and services offered; "registered, traffic[ked] in, and use[d] a domain name, www.Tipsyspa.com[,] that [was] identical, confusingly similar, or dilutive of the 'Tipsy' Mark"; "traded on" and profited from the "value and goodwill" in the Tipsy mark; and breached the sales agreement by using the "'Tipsy' name and 'Tipsy' Mark," failing to make installment payments, and misappropriating the Tipsy domain name.  The Nguyens requested monetary and injunctive relief.  The Nguyens later amended their complaint to include claims for trademark infringement and dilution under Florida law.

    Biondo filed an answer that asserted several affirmative defenses.  Biondo argued that he had rights to use the Tipsy mark; the Nguyens abandoned through "naked licensing" their right to the mark; the Nguyens had breached the sales agreement; and he entered the agreement under duress.  Biondo also filed a counterclaim for fraudulent procurement of a trademark, which he later withdrew.

    Biondo was a contentious litigant.  Biondo was sanctioned for failing to comply with the rules of discovery and refusing to produce documents requested by the Nguyens.  Later, Biondo refused to produce a witness for deposition.  And, two days before the close of discovery, Biondo produced a journal that recorded

4

his business dealings with the Nguyens.  During a deposition taken soon after, Biondo testified that he could not recall the events recorded in the journal.

The Nguyens and Biondo moved for summary judgment.  The Nguyens argued that the obvious similarities in the Tipsy mark and Biondo's mark and evidence of actual confusion experienced by their respective customers established that Biondo had infringed on the "Tipsy" mark.  The Nguyens attached to their motion an affidavit from Catherine Hasson, the manager of Tipsy of Jupiter Spa and Salon, that patrons of the Jupiter Tipsy often scheduled their appointments mistakenly at the Wellington Tipsy and tried to pay for services with coupons or gift cards issued by the Wellington Tipsy.

Biondo argued for summary judgment on the two affirmative defenses of abandonment and duress asserted in his answer and based on a defense of commercial frustration not asserted in his answer.  Biondo attached to his motion an affidavit in which he restated, nearly verbatim, the entries in his journal.  Biondo also attached the affidavit to his response to the Nguyens' motion for summary judgment.

The Nguyens moved to strike Biondo's affidavit as a sham.  The Nguyens described how Biondo had "disclaimed knowledge or recollection of" specific entries in his journal and later submitted an affidavit containing a verbatim copy of those entries.  The Nguyens argued that Biondo's affidavit was not a "case of

failed memory," but instead revealed Biondo's "attempt[] to obfuscate, conceal, and avoid testimony."

The district court granted the Nguyens' motion to strike Biondo's affidavit by default under a local rule allowing a default in the absence of a response to a pretrial motion, S.D. Fla. L. R. 7.1(c), and alternatively, "on the merits." The district court found it inconceivable that Biondo could not during his deposition recall the events recorded in his journal because he had a "very bad memory," yet later prepare an affidavit that included wholesale excerpts from the journal. The district court refused to consider the affidavit on the grounds that "Biondo either (1) remembered the events he recorded in his journal and intentionally failed to answer Plaintiff's questions during his deposition or (2) copied the entries into his affidavit even though he did not remember the events he recorded in his journal."

The district court entered summary judgment for the Nguyens and against Biondo. The district court sustained the Nguyens' complaints of trademark infringement, violations of the Cybersquatting Act, dilution, and breach of contract, but rejected the Nguyens' complaint about unjust enrichment. And the district court ruled that Biondo's affirmative defenses of abandonment and duress failed for lack of evidence and as a matter of law and that his defense of commercial frustration was untimely. The district court awarded the Nguyens

6

monetary damages and injunctive relief that prohibited Biondo from using the Tipsy mark.

## II. STANDARDS OF REVIEW

We apply two standards of review in this appeal. We review <u>de novo</u> the summary judgment in favor of the Nguyens. <u>Holloman v. Mail-Well Corp.</u>, 443 F.3d 832, 836 (11th Cir. 2006). We review the decision to strike Biondo's affidavit for abuse of discretion. <u>Croom v. Balkwill</u>, 645 F.3d 1240, 1253 n.18 (11th Cir. 2011).

## III. DISCUSSION

Biondo challenges the summary judgment in favor of the Nguyens and the striking of his affidavit. Biondo argues that the evidence supports his affirmative defenses of abandonment, duress, and commercial frustration, and he argues, for the first time, that the district court should have employed a lesser sanction than striking his affidavit. We address these arguments in turn.

The district court did not err in rejecting Biondo's affirmative defense of abandonment. An owner of a trademark may "abandon[] [his] mark through 'naked licensing,' or the failure to properly supervise [his] licensee's use of the mark," <u>Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.</u>, 514 F.2d 665, 671 (5th Cir. 1975), but a claim of abandonment turns on when the lack of supervision

7

occurred.  A licensee "is estopped to contest the validity of the licensor's title during the course of the licensing arrangement," but "after [its] expiration," the licensee may "challenge the licensor's title on facts which arose after the contract has expired."  Id.  Biondo argued that Thanh abandoned the Tipsy mark between 2008 and early 2010, but when Biondo later signed the sales agreement on March 11, 2010, he expressly recognized that Thanh owned the mark.  See id. ("The licensee has, by virtue of the agreement, recognized the holder's ownership."). After the agreement expired, Thanh sued Biondo for trademark infringement. Biondo's defense of abandonment fails.

The district court also did not err in rejecting Biondo's defense of duress. To prove duress, "[i]t must be shown (a) that the act sought to be set aside was effected involuntarily and thus not as an exercise of free choice or will and (b) that this condition of mind was caused by some improper and coercive conduct of the opposite side." City of Miami v. Kory, 394 So. 2d 494, 497 (Fla. Dist. Ct. App. 1981).  Biondo argued that he entered the sales agreement so that the Nguyens would dismiss an action seeking to enjoin Biondo from "repeat violence."  The Nguyens countered Biondo's defense of duress by establishing that their action was neither improper nor coercive.  See O'Brien v. Federal Trust Bank, F.S.B., 727 So. 2d 296, 298 (Fla. Dist. Ct. App. 1999).  The Nguyens' petition for an injunction alleged Biondo had, on one occasion, threatened and then "head butted"

Thanh and, on a second occasion, "grabbed [Thanh] and pushed him, causing a bruise on [his] shoulder." The Nguyens dismissed their action against Biondo approximately five months before he entered the sales agreement, and Biondo did not dispute the facts contained in the petition. Under Florida law, an agreement to dismiss even a criminal action in exchange for execution of a legal document does not constitute duress if the criminal action was legally justifiable. Tyler v. Hill Bros., 173 So. 147 (Fla. 1937); Franklin v. Wallack, 576 So. 2d 1371 (Fla. Dist. Ct. App. 1991); Norris v. Stewart, 350 So. 2d 31 (Fla. Dist. Ct. App. 1977). Biondo failed to introduce any evidence that the Nguyens' action was unlawful.

Biondo also contends that he established the affirmative defense of commercial frustration, but Biondo waived that defense by raising it for the first time in his motion for summary judgment. See Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(c)). Biondo further argues that disputed issues of fact preclude summary judgment in favor of the Nguyens, but Biondo fails to identify what facts are in dispute or how they are material.

The district court also did not abuse its discretion when it struck Biondo's affidavit. The district court was entitled, under local rule, to grant the motion to strike Biondo's affidavit by default, see S.D. Fla. L. R. 7.1(c), and the district court was entitled to disregard Biondo's affidavit as a "transparent sham," Tippens v.

9

Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986).  "An affidavit may . . . be disregarded as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact ... [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" Id. at 954 (quoting Van T. Junkins and Assocs. v. U.S. Indus., 736 F.2d 656, 657 (11th Cir. 1984).  During his deposition, Biondo refused to verify as "accurate" specific events he had recorded about his business dealings with the Nguyens, but less than one month later, Biondo filed an affidavit stating that those events were accurate.  And Biondo provided no explanation for the contradictory statements in his affidavit.  Biondo argues, for the first time, that the discrepancy was attributable to a cold and that the district court should have imposed some sanction short of striking his affidavit, but we will not consider arguments that he failed to present to the district court.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

    We **AFFIRM** the summary judgment in favor of the Nguyens.