UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-81156-CIV-MIDDLEBROOKS

THANH NGUYEN, *et al.*,

    Plaintiffs,
v.

BARRY BIONDO, *et al.*,

    Defendants.
_____/

## ORDER ASSESSING SANCTIONS

THIS CAUSE is before the Court upon an Order to Show Cause (DE 122) ("Order to Show Cause"), issued on November 7, 2012. On November 12, 2012, Defendants Barry Biondo and Tipsy Spa and Salon, Inc. (collectively, "Defendants") filed a Response to the Order (DE 127). I have reviewed the record on the matter and am otherwise fully advised in the premises.

### I. Background

Plaintiffs Thanh Nguyen ("Thanh") and Luong Nguyen ("Luong") (collectively, "Plaintiffs") initiated this action against Defendants Barry Biondo ("Biondo") and Tipsy Spa and Salon, Inc., ("Tipsy Inc.") alleging Defendants breached the terms of the Parties' Business Sale Agreement ("Agreement") and used the name "Tipsy" in connection with Tipsy Inc. which infringed upon Thanh's registered trademark in violation of state and federal law. Specifically, Plaintiffs asserted claims for federal trademark infringement, false designation of origin, cybersquatting, Florida common law trademark infringement, dilution, unjust enrichment, and breach of contract.

Plaintiffs are in the business of owning and operating full service hair and nail salons that provide alcohol to patrons. (DE 79-1 at ¶ 2; DE 79-3 at ¶ 2). Thanh first used the Tipsy mark on

or about December 15, 2006. (DE 79-1. at ¶ 5). In January of 2007, Plaintiffs opened the Tipsy salon located at 1037 State Road 7, Suite 112, Wellington, Florida, 33414 ("Wellington Location"). (DE 79-1. at ¶ 6). Shortly thereafter, Thanh applied to register the Tipsy trademark with the United States Patent and Trademark Office ("USPTO") (DE 79-1 at ¶ 7), which the USPTO granted on November 11, 2008 (see DE 79-1 at 2). Thanh owns the rights to use the registered "Tipsy" mark (Reg. No. 3,529,699) in connection with bar services. The state of Florida granted Thanh a "Tipsy" trademark on November 19, 2009. (*See* DE 79-2 at 2).

In between the time that Thanh applied for and was granted the rights to use the "Tipsy" mark, Thanh and Defendant Barry Biondo ("Biondo") orally agreed that Thanh would sell Biondo a 50% interest in the Wellington Location. (DE 79-1 at ¶ 14). The terms of the oral agreement were that Biondo would pay Thanh in exchange for 50% of the Wellington Store, additionally, Biondo agreed to pay a royalty fee for using the "Tipsy" mark, the amount of the fee was to be determined in the future. (DE 79-1 at ¶¶ 13-14). The Parties relationship significantly deteriorated after Thanh and Biondo entered into the oral agreement. (DE 79-1 at ¶¶ 15-19). On March 11, 2010, Plaintiffs and Biondo entered into a written agreement ("Agreement") which provided that Plaintiffs would sell Biondo their remaining interest in the Wellington Store for $164,000 (DE 79-1 at ¶ 21; DE 79-7 at ¶ 1) and provided that Biondo could use the Tipsy mark until March 11, 2011 (DE 79-1 at ¶ 24).

Per the terms of the Agreement, Biondo was required to (1) pay Plaintiffs a down payment of $20,000 at the time the Parties signed the Agreement and (2) pay the remaining balance of $144,000 by making weekly payments of $800 to Plaintiffs. (DE 79-7 at ¶ 1). Pursuant to the agreement, if Biondo failed to make a weekly payment on time he agreed to pay Plaintiffs a late fee which is "calculated as 10% of the payment for each week or partial week the payment is late[,]" and a failure to pay a weekly payment within thirty calendar days of the due date constituted a breach of

the Agreement. (*Id.* at ¶ 2). Moreover, the Agreement provided that if Biondo breached the Agreement, Plaintiffs "have the right to take any and all legal action to enforce this [A]greement and shall be entitle[d] to recover reasonable costs and attorney's fees related to such action." (*Id.* at ¶ 3). Biondo was entitled to use the "Tipsy" mark for a period of one year beginning on the date the Parties executed the Agreement. (DE 79-7 at ¶ 8). Indeed, the Agreement explicitly provided "the right to the use of name 'Tipsy' or any mark associated with that business name is not being purchased by" Biondo. (*Id.* at ¶ 8). Additionally, the Agreement provided "[t]he following assets are not part of the sale to [Biondo] and shall be retained by [Plaintiffs]: (a) all rights, marks, etc. associated with the name 'Tipsy' (except that [Biondo] will be granted a one (1) year usage right of the name in order to transition into another name); and (b) all rights under contracts and commitments of [Plaintiffs] which are not expressly assumed by [Biondo] under the Agreement."[1] (*Id.* at ¶ 8). However, Defendants continued to use the "Tipsy" mark, and Plaintiffs filed suit. (*See* DE 1).

On June 15, 2012, this Court entered an Omnibus Order (DE 99) ("Omnibus Order") granting in part Plaintiffs' Motion for Summary Judgment. In the Omnibus Order, it was ordered that "[u]pon entry of this Order, Defendants are permanently enjoined from using the 'Tipsy' mark." (DE 99 at 21).

**II. Legal Discussion**

Injunctions are enforced through the trial court's civil contempt power. *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000) (citing *In re Grand Jury Proceedings*, 142 F.3d 1416, 1412 (11th Cir. 1998). When a plaintiff believes that the Defendant is acting in violation of an injunction,

---

[1] With respect to the web site, Biondo agreed to "redirect the domain name Tipsyspa.com to another location without the name 'Tipsy' after one (1) year." (*Id.* at ¶ 8).

the plaintiff is required to move for an order to "show cause why the defendant should not be adjudged in civil contempt and sanctioned."(*Id.* (internal citations omitted)). "The plaintiff's motion cites to the injunctive provision at issue and alleges that the defendant has refused to obey its mandate." (*Id.* (citing *Wyatt v. Rogers*, 92 F.3d 1074, 1078n. 8)). If the plaintiff's motion establishes non-compliance, the court orders the defendant to show cause as to why he should not be held in contempt and schedules a hearing for that purpose. (*Id.*) After the hearing, "the court determines whether the defendant has complied with the injunctive provision at issue, and if not, the sanction(s) necessary to ensure compliance." (*Id.* (citing *Newman v. State of Ala.*, 683 F.2d 1312, 1318 (11th Cir. 1992))).

On September 28, 2012, Plaintiffs moved for the issuance of an Order to Show Cause alleging that Defendants had failed to comply with this Courts' Omnibus Order. (*See* DE 112). In support of their motion, Plaintiffs provided proof of Defendants' violations of the Court's injunction. (*See* DEs 112-1, 112-3, 112-4, 112-5, 112-6). Specifically, Plaintiffs claimed that on September 26, 2012, the words "Tipsy Spa and Salon" were still prominently displayed and illuminated at Defendants' business. (DE 112 at ¶ 11). Also, Plaintiffs claimed that Defendants were still using the internet domain name www.tipsyspa.com and Defendants' business still distributes to customers a salon "menu" that displays the "Tipsy" mark. (*Id.* at ¶ 12).

In response to Plaintiff's Motion Defendants claimed that they thought compliance with the Court's Order was obviated because of a stay pending appellate review. (DE 114 at 1.). However, no Motion to Stay has been filed. Defendants also acknowledged that they had violated the Court's Omnibus Order. (DE 127-1) ("I am also aware that your decision is permanent and the fact that I filed an appeal does not give me the right to defy your orders."); (DE 116 at 1) ("Defendants do not deny that they are continuing to infringe on the Tipsy Mark.").

On November 7, 2012, the Court issued an Order to Show Cause directing Plaintiffs to show cause as to why they should not be held in contempt and further ordered Defendants "to pay Plaintiffs $100 for each day that Defendants disobey the Omnibus Order by continuing to use the 'Tipsy Mark[,]'" if they failed to show good cause for their failure to comply with the Court's Omnibus Order. (DE 122 at 2).

In Response to the Court's Order, Defendants contended that they had taken the every reasonable action to comply with the Court's Omnibus Order. (DE 127 at 1). Specifically, Defendants claimed that they:

> (1) covered the signage depicting the Tipsy mark for the business until it could be professional[sic] removed; (2) removed the two large Tipsy logos on the front doors; (3) ceased all advertising using the Tipsy mark; and (4) redirecting the domain name 'TipsySpa.com' to go to the parking page for the host provider.

(DE 127 at 1.). While Defendants claimed to take reasonable steps to ensure compliance with the Omnibus Order, they failed to reasonably explain their conduct or provide any basis which would excuse their failure to comply with the Court's Omnibus Order. *See Mercer v. Mitchell*, 908 F.2d 763 (11th Cir. 1990). Plaintiffs have also alleged that on November 2, 2012, Biondo posted a picture on facebook, depicting himself and what appears to be two employees wearing "Tipsy Spa and Salon" tank tops, and that on November 13, 2012, Plaintiffs discovered two facebook fan pages for Tipsy Wellington.[1] (DEs 128 at 5 128-1, 128-2). Based on the foregoing, it is clear that Plaintiffs have established a case of non-compliance against Defendants.

To determine the extent and nature of Defendants' violations of this Court's Omnibus Order, the Court set aside time on Wednesday March 20, 2013. *See Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000) ("If satisfied that the plaintiff's motion states a case of non-compliance, the

---

[1] The aforementioned facebook fan pages were removed on November 13, 2012. (DE 128 at 5).

court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose.").

At the hearing, Plaintiffs presented evidence that until today, Defendants have acted in violation of this Court's Omnibus Order. Specifically, Plaintiffs have provided evidence that Defendants have not taken the "Tipsy Signs" around the Wellington location down. Moreover, Plaintiffs have demonstrated that Defendants continue to operate the www.tipsyspa.com website, even though the website redirects internet traffic to Defendants' website for "Spa-Mosa," and that Defendants' website contains advertisements for Tipsy Spa on the first page. This evidence is sufficient to demonstrate violations of the Court's Order. Defendants also failed to show good cause which excuses their failure to comply with the Court's Omnibus Order.

Based on the foregoing, Defendants shall be sanctioned at a rate of $100 per day for a total of 277 days.

**ORDERED AND ADJUDGED** that Defendants shall pay Plaintiffs a sum of $27,700 for their violations of the Court's Omnibus Order.

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida, this ___ day of March, 2013.

DONALD M MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record